UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.  Criminal No. 2:16cr130

**ANTONIO SIMMONS,
NATHANIEL TYREE MITCHELL,
and
MALEK LASSITER,**

Defendants.

### MEMORANDUM ORDER

This matter is currently before the Court on two substantive pre-trial motions, and three motions to adopt, filed by Defendants in the instant criminal action. This Court previously referred such motions to a United States Magistrate Judge for report and recommendation. On December 13, 2017, Judge Leonard issued a detailed Report and Recommendation ("R&R") recommending as follows:

- ECF No. 139 (motion to exclude letter) should be denied;
- ECF No. 146 (motion to strike surplusage in the second superseding indictment) should be denied;
- ECF Nos. 157, 170, and 173 (motions to adopt) should be granted as to adoption, but denied as to the merits.

"The Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which

objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (alteration in original). As to the portions of the R&R that no party has challenged through advancing a "'specific written objection,' [a] district court [is] free to adopt the magistrate judge's recommendation . . . without conducting a de novo review." Id. at 316. As to these unchallenged portions, the reviewing court need only "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Here, Defendants Mitchell and Lassiter filed a joint objection to the R&R with respect to the merits ruling on the motions to exclude the letter. ECF No. 275. No other objections were noted by any party.

### A. Unobjected-to Portions of R&R

Having reviewed the R&R, relevant case law, and the relevant portions of the record, this Court is satisfied that there is no clear error as to portions of the R&R that were not specifically objected to by the parties. Diamond, 416 F.3d at 315. Accordingly, this Court hereby **ADOPTS** the findings and recommendations set forth in the R&R as to all unobjected-to matters.

### B. Objections to the R&R

Defendants' objections to the R&R challenge the findings and analysis of the Magistrate Judge with respect to the motion to exclude what is referred to as "the Mitchell letter," a letter that Defendant

2

Mitchell wrote to his girlfriend while detained in Portsmouth City Jail subsequent to committing a robbery.[1] More specifically, Defendants contend that the R&R improperly relies on the Government's "theory" that witness intimidation was part of the RICO conspiracy charged in this case, and that because the Defendants are not charged with witness intimidation or threats associated with the Mitchell letter, the letter should not be admitted "unless or until" the United States can demonstrate its relevance and materiality to the elements of the charged offenses. ECF No. 275. Defendants further argue that the R&R "is incorrect" in its analysis of the prejudice versus probative value under Federal Rule of Evidence 404(b). Id.

First, and foremost, after de novo consideration of this issue, this Court fully adopts the finding in the R&R that even though Defendants are not formally charged with witness intimidation based on the contents of the Mitchell letter, such letter is not "other crimes" evidence subject to the dictates of Rule 404(b), as such rule only applies "to evidence of other acts that are extrinsic to" the crimes charged. United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (quotation marks and citations omitted). "Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is

---

[1] Defendant Mitchell pled guilty in April of 2016 to robbery charges in a separate criminal action in this Court. In conjunction with such guilty plea, Defendant Mitchell signed a "Statement of Facts" stipulating that he wrote the letter in question. Case No. 2:16cr20, ECF No. 32 ¶ 5.

3

necessary to complete the story of the crime on trial." Id. (quotation marks, citations, and alteration marks omitted); see United States v. Palacios, 677 F.3d 234, 245 (4th Cir. 2012) ("It is well established that when seeking to prove a conspiracy, the government is permitted to present evidence of acts committed in furtherance of the conspiracy even though they are not all specifically described in the indictment." (quoting United States v. Janati, 374 F.3d 263, 270 (4th Cir. 2004))). Here, the letter was written by Mitchell shortly after a robbery was committed by Mitchell and co-conspirator Anthony Foye, and the face of the letter elicits assistance from another conspirator to assist with witness tampering. The letter was written approximately one week after the robbery, and the robbery occurred within a few weeks of all of the murders and attempted murders charged in the instant case. As the face of the letter suggests that it was written in furtherance of the conspiracy charged in this case, and it appears to arise out of the same series of transactions as the charged offenses, Defendants' efforts to exclude the letter under Rule 404(b) fail.

Second, considering the express allegations in the second superseding indictment, and the timing of all of the alleged RICO predicate acts, the Government plainly clears the limited evidentiary hurdle of establishing "relevancy" as the letter is relevant to demonstrating, among other things, the existence of the charged RICO conspiracy, to include a joint effort to use violence

4

to avoid detection for a robbery committed by multiple members of such conspiracy, with such robbery occurring just days (or even hours) after numerous alleged murders and attempted murders allegedly committed by members of the same conspiracy. See Palacios, 677 F.3d at 245 ("Evidence that does not fall within the purview of Rule 404(b) is admissible if it is relevant—meaning having 'any tendency to make' the existence of any fact that 'is of consequence' to the determination of the action 'more or less probable than it would be without the evidence' . . . ." (quoting Fed. R. Evid. 401)).

Third, Defendants fail to demonstrate that a prejudice analysis under Rule 403 otherwise warrants exclusion of the letter. See United States v. Siegel, 536 F.3d 306, 319-20 (4th Cir. 2008) ("Evidence may be excluded under Rule 403 only if the evidence is unfairly prejudicial and, even then, only if the unfair prejudice substantially outweighs the probative value of the evidence."). Notably, Defendants fail to demonstrate that admission of the letter would risk the jury's emotions being "excited to irrational behavior, and [that] this risk is disproportionate to the probative value of the offered evidence," because while the letter suggests killing a witness to advance the interests of multiple members of the charged conspiracy, even if such contemplated violent act were carried out, it would be "substantially similar" to the other violent conduct charged in this case. Id. (quotation marks and citation omitted).

5

Fourth, the Court adopts the R&R's alternative analysis under Rule 404(b). Even assuming that the Mitchell letter were subject to 404(b) analysis, the Government effectively highlights its admissibility for reasons other than to establish Defendants' bad character. Although Defendants are correct in suggesting that the Government will need to introduce additional evidence to <u>prove</u> that the robbery that preceded the letter was in furtherance of the RICO enterprise, Defendants fail to demonstrate a valid basis for this Court to issue a pretrial ruling excluding the letter under Rule 404(b), as the timing, content, and context of such letter, to include Mitchell's admission of authorship, all support its admissibility for permissible purposes. In sum, after conducting a <u>de novo</u> review of the objected to findings, this Court hereby **ADOPTS and APPROVES** the entirety of the findings and recommendations in the R&R.

The motion to exclude and motion to strike surplusage are **DENIED**. ECF Nos. 139, 146. The associated motions to adopt are **GRANTED** as to adoption, but **DENIED** as to the merits. ECF Nos. 157, 170, and 173. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
February 1, 2018

6