UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                    Criminal No. 2:16cr130

ANTONIO SIMMONS,
NATHANIEL TYREE MITCHELL,
and
MALEK LASSITER,

      Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a motion to exclude all evidence regarding the examination and analysis of "bullets and shell casings" recovered during the investigation of the instant criminal case based on Defendants' assertion that the "toolmark" examination performed by the Government's expert is unreliable and scientifically invalid. ECF No. 137. This Court previously referred such motion to a United States Magistrate Judge for report and recommendation. After conducting a hearing on such motion, and permitting post-hearing supplemental briefing, on January 12, 2018, Magistrate Judge Leonard issued a detailed Report and Recommendation ("R&R") recommending that the motion to exclude be denied.

"The Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which

objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (alteration in original). As to the portions of the R&R that no party has challenged through advancing a "'specific written objection,' [a] district court [is] free to adopt the magistrate judge's recommendation . . . without conducting a de novo review." Id. at 316. As to these unchallenged portions, the reviewing court need only "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Here, Defendants Mitchell, Simmons, and Lassiter filed a joint objection to the R&R challenging certain portions of the Magistrate Judge's analysis. Defs' Obj. to R&R, ECF No. 325.

### A. Unobjected-to Portions of R&R

Although Defendants object to the Magistrate Judge's R&R recommending the denial of a motion that raises a single issue, the resolution of such issue necessarily implicates several sub-issues, and the objections to the R&R do not challenge each aspect of the Magistrate Judge's analysis.[1] Having reviewed the relevant record materials and case law, this Court is satisfied that there is no "clear error" as to portions of the R&R that were not specifically objected to by the parties. Diamond, 416 F.3d at 315. Accordingly,

---

[1] For example, no objection is advanced challenging the Magistrate Judge's proposed ruling as to the qualifications of the Government's expert.

2

this Court hereby **ADOPTS** the findings and recommendations set forth in the R&R as to all unobjected-to matters.

### B. Objections to the R&R

Defendants' objections to the R&R specifically challenge the R&R's finding that the Government's firearm and toolmark expert should be permitted to phrase her expert conclusions as being based on a "reasonable degree of ballistic or technical certainty," with Defendants arguing that such standard conflicts with internal DOJ guidance that the Government agreed to abide by in this case. Defs' Obj. to R&R 1; see R&R 15, ECF No. 298 (recommending that the Government's expert should be permitted to testify to such degree of certainty as long as the Government can establish that several listed industry standards were followed). Defendants further argue that: (1) such expert testimony should be excluded in its entirety as unduly "subjective," both because there is "no standard" by which to evaluate what constitutes a "match" between bullets or casings, and because it relies exclusively on the brain of the examiner as the "tool" used during evaluation; and (2) such expert testimony should be excluded due to the examiner's bias, to include both her actual provable bias stemming from her membership on the law enforcement team in this case, and her "less overt" bias that is hard to quantify, but is driven by her general view toward law enforcement. Defs' Obj. to R&R 2-4. Finally, Defendants advance the summary contention that the disputed evidence does not meet the standards

3

of admissibility under Federal Rule 702 and relevant case law. Id. at 4.

The Government filed a brief in response to Defendants' joint objections, contending that the defense misstates DOJ policy on this issue, and that use of a certainty standard phrased as a "reasonable degree" of certainty within the respective field is permissible in this technical field, and is permissible in any field when ordered by the Court. Govt. Response 1-2, ECF No. 329. Moreover, the Government asserts that, consistent with its prior representations in this case, "out of an abundance of caution," the Government will not elicit a "certainty estimation" during direct examination along the lines of a "reasonable degree of forensics/ballistics certainty," but that "if the defense cross-examines [the Government's expert] on the certainty with which she holds her expert opinions in this case, she certainly should be able to use the phrase recommended by Judge Leonard and nearly all the cases on the topic—or any analogous phrase—which is a conservative *understatement* of the actual certainty with which she holds her expert opinion." Id. at 2. The Government goes on to challenge the Defendants' objections regarding subjectivity and bias, contending that the R&R properly concludes that such issues go to the weight of the testimony, not its admissibility.[2] Id.

---

[2] This Court notes the strength of the Government's argument, advanced in an earlier brief on this issue, comparing the "subjectivity" challenged by Defendants with the subjectivity inherent in a doctor interpreting an x-ray,

4

Having conducted a de novo review of all objected to portions of the R&R, this Court adopts the R&R as written, with clarification. First, the Court notes its agreement with the Government's contention that Defendants fail to demonstrate that the Government is acting inconsistently with the DOJ memo cited by Defendants. See ECF No. 325-1. The Government has taken the position that it will not present or elicit a "certainty statement" based on a reasonable degree of ballistic/technical certainty, thus complying with the memo. Moreover, the Government accurately highlights the fact that adducing a certainty statement in such format is expressly permitted by the memo when "required by a judge or applicable law," id., and here: (1) such certainty standard appears to be the most widely accepted standard in the applicable case law; and (2) the Magistrate Judge, in essence, recommends that this Court "require" the Government to present its evidence in such form.

While this Court agrees with and adopts the Magistrate Judge's legal analysis, consistent with the Government's stated willingness to proceed with caution in light of Defendants' objections, the Court does not "require" the Government to use the "reasonable degree of ballistic/technical certainty" standard on direct examination.

---

or a psychiatrist evaluating a patient. ECF No. 282, at 11. Many scientific and technical fields require a substantial degree of subjectivity, yet such reality does not require the exclusion of expert witness testimony in such fields. Rather, it both demonstrates why an expert's qualifications/ experience are so important, and explains why two competing experts, both presenting admissible testimony, often reach diametrically opposite conclusions.

5

Rather, the Court will hold the Government to its representation that it will not utilize this standard (or any standard suggesting a similar, or greater, degree of certainty) on direct. The Government instead requests that its expert be permitted to testify that, "in her expert opinion as a firearm and toolmark examiner, the same weapon fired certain recovered cartridge components."[3] ECF No. 282, at 17. While such proposed approach is generally sound, this Court identifies potential drawbacks in formulating the witness's conclusion in a manner that arguably puts an undue focus on the word "expert." Accordingly, this Court's pre-trial position is that the Government's witness may testify that "she concludes, based on her knowledge and experience as a firearm and toolmark examiner, the same weapon fired certain recovered cartridge components."

Such preliminary ruling is subject to modification should the need arise at trial. Moreover, the Court agrees with the R&R, and the Government, that the "reasonable degree of ballistic or technical certainty" is the most appropriate clarification of a "certainty level" should the defense choose to cross-examine the Government's expert in a manner that calls into question her degree of certainty. As it may be possible for the defense to challenge the Government's expert's analysis without calling her certainty level into question,

---

[3] Such proposed testimony would presumably be preceded by detailed testimony regarding the actual comparison of bullets/casings and explanation as to what the witness looks for in order to determine whether there a "sufficient agreement" between samples.

6

the Court cannot make a more specific pretrial ruling as to what will be permitted on redirect.

In reaching such decision, the Court rejects Defendants' contention that conflicts in the case law regarding the degree of "certainty" that may permissibly be represented act to demonstrate that the field itself is unreliable. Although this Court finds that Defendants have effectively demonstrated that, at least as a general proposition, toolmark experts should not be permitted to testify to a degree of complete certainty, the fact that different judges in different jurisdictions have used varied approaches to ensure that a testifying expert does not "overstate" his or her certainty level in a field that has a strong subjective component does not invalidate the field itself, but merely demonstrates varying degrees of caution. Here, while Defendants offer a well-developed argument as to potential shortcomings in toolmark analysis, nothing in the record of this case, or in the case law cited by Defendants, convinces the undersigned judge on de novo review that the testimony at issue should be excluded based on the apparent limitations in "certainty" and/or the subjective nature of the expert's evaluation.[4] Rather,

---

[4] Notwithstanding the Defendants' contention that error rates have never been calculated in the field of toolmark examination, the Government cites to studies calculating error rates. Although this Court agrees with Defendants' legal contention that toolmark analysis should not be universally admitted merely because it has historically been accepted in federal court, the flipside to such point is that toolmark analysis should not be universally excluded merely because one or more commentators, or jurists, have voiced caution in the face of a perceived absence of error-rate studies and/or absence of a more objective standard.

7

Defendants highlight some arguably compelling avenues to challenge the Government's toolmark evidence in an effort to convince the jury that the expert's conclusions should be given limited, if any, weight.

Consistent with the Government's response to "part 2" of Defendants' objections to the R&R, Defendants have failed to demonstrate that any alleged direct bias, or subconscious bias, should result in the exclusion of the Government's expert's testimony. To the contrary, Defendants' bias arguments are a prime example of a matter that goes to the weight of the evidence, rather than its admissibility, R&R, at 16, and the defense will have a full opportunity to squarely address any colorable theory of bias through cross-examination.[5]

In sum, this Court hereby **ADOPTS and APPROVES** the findings and recommendations set forth in the R&R, with the clarifications set forth above regarding how the Government should proceed on direct examinations—clarifications that are not necessarily required by the dictates of the law, but are based on the Government's concession to take a cautious approach that appears to understate, to the Defendants' advantage, its expert's degree of certainty based on her

---

[5] To the extent the defense alleges that the R&R improperly fails to distinguish between the two forms of bias highlighted by Defendants, the Court finds that both forms of bias go to weight, rather than admissibility.

8

case-specific analysis. The motion to exclude the toolmark examination testimony/evidence is **DENIED**. ECF No. 137.[6]

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
United States District Judge

Norfolk, Virginia
February 1, 2018

---

[6] ECF No. 137 was filed by Defendant Mitchell, and this Court previously referred such motion to the Magistrate Judge, along with ECF Nos. 149 and 168, which are motions to adopt ECF No. 137 filed by Defendants Simmons and Lassiter. Such motions to adopt were not squarely addressed in the R&R because an intervening Order issued by the undersigned judge was interpreted as granting such motions. See R&R 2, n.1 (discussing ECF No. 263). To the extent that this Court's earlier-in-time Order did not reach the two motions to adopt referred to the Magistrate Judge, such motions are now **GRANTED** as to adoption, but are **DENIED** on the merits for the same reasons stated herein. ECF Nos. 149, 168.

9